UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

KEN PETERMAN,

Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
24-CR-00489 (JMA) (AYS)

FILED
CLERK
5/21/2026 1:38 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Defendant Ken Peterman ("Peterman"), a former officer and director of Comtech Telecommunications Corp. ("Comtech"), is charged in an indictment with Insider Trading, Securities Fraud and Wire Fraud in violation of Rule 10b-5 of the Rules and Regulations of the Securities and Exchange Commission (the "SEC"), 17 C.F.R. §240.10b-5 (Insider Trading); 15 U.S.C. §§78j(b) and 78ff (Securities Fraud), and 18 U.S.C. §§ 1843, 1349, 2 and 3551 (Wire Fraud) et seq.  (See Indictment, ECF No. 1.)

Presently before the Court are the SEC's motion to quash a subpoena served on it by Peterman, (ECF No. 45), and Magistrate Judge Anne Y. Shields's April 9, 2026, Report and Recommendation ("R&R"), which recommends that the Court grant the SEC's motion in its entirety, (ECF No. 52).[1]  Peterman filed timely objections to the R&R, (ECF No. 53), and the SEC responded to Peterman's objections.  (ECF No. 54.)  For the following reasons, the Court ADOPTS the R&R and GRANTS the SEC's motion to quash.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P.

---

[1] On January 30, 2026, Peterman filed a "Motion to Compel the SEC's compliance with FED. R. CRIM. P. 17(c) subpoena" (See ECF No. 39.)  On February 27, 2026, the SEC filed its opposition to the motion to compel and its corresponding motion to quash.  (See ECF Nos. 44, 45.)  On March 6, 2026, Peterman filed a response to the SEC's motion to quash, (ECF No. 47), and on March 13, 2026, the SEC filed a reply to Peterman's response, (ECF No. 48.).  Peterman filed another motion to compel on March 16, 2026.  (See ECF No. 49.)  The Court adopts Judge Shields's recommendation to grant the SEC's motion to quash and deny the various defense motions.

72(b)(3) (similar).  In reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see also FED. R. CIV. P. 72(b)(3) (similar); United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017).  By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).  Additionally, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)); see also Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (explaining that such arguments "may not be deemed objections at all" (internal quotation marks omitted)).

The Court presumes familiarity with the background of this case, which is set forth in Judge Shields's R&R.  (See ECF No. 52.)

Peterman argues that the R&R mischaracterized the scope of his request, erroneously concluded that his requests lacked specificity and relevance, and erroneously concluded that his requests improperly sought to circumvent Rule 16 discovery.  (See ECF No. 53.)

The Court reviews the arguments raised in Peterman's objections de novo.  After conducting a de novo review of the full record and applicable law, the Court agrees with Judge Shields's well-reasoned R&R, overrules Peterman's objections, and adopts the R&R as the opinion of the Court.

Accordingly, the Court GRANTS the SEC's motion to quash Peterman's subpoena and denies Peterman's related motions to compel.

**SO ORDERED.**

Dated:    May 21, 2026
          Central Islip, New York

(/s/ JMA)

JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
